IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| Kayla Patrice Reed. | ) | Case No.: 4:20-cv-03151 |
| | ) | |
| DaVonte Michael Deshawn King, | ) | |
| | ) | |
| Plaintiffs, | ) | **DEFENDANTS' BRIEF IN SUPPORT** |
| | ) | **OF RULE 12(b)(6) MOTION TO** |
| v. | ) | **DISMISS** |
| | ) | |
| Gary Hovey, | ) | |
| *Sergeant, in his individual capacity* | ) | |
| | ) | |
| Mathew Proehl, | ) | |
| *Officer, in his individual capacity* | ) | |
| | ) | |
| North Platte Police Department, | ) | |
| Defendants. | ) | |

The Defendants, Sergeant Gary Hovey, Officer Matthew Proehl, and the North Platte Police Department, by and through their undersigned counsel, respectfully submit the following Brief in Support of Defendants' Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure §12(b)(6).

## I.     INTRODUCTION

Plaintiffs' Complaint attempts to assert various claims against local officials under 42 U.S.C. § 1983, alleging that Plaintiffs were deprived of their Fourth, Fifth, and Fourteenth Amendment rights. For the reasons set forth below, Plaintiffs' Complaint should be dismissed in its entirety, as this Court lacks the subject matter jurisdiction to hear the controversy and there are no plausible claims set forth by Plaintiffs upon which relief can be granted.

## II.     STANDARD OF REVIEW

A defendant may move to dismiss a case in a pre-Answer motion for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The burden of proving subject matter jurisdiction in any given case rests on the Plaintiff. *Hoekel v. Plumbing Planning Corp.*, 20 F.3d 839, 840 (8th Cir. 1994). "To survive a challenge pursuant to F.R.C.P. 12(b)(1) for lack of subject matter jurisdiction the pleadings must sufficiently evince a basis for subject matter jurisdiction." *Vasiliades v. U.S.*, 991 F.Supp. 1136, 1137 (1997). According to the Nebraska Supreme Court in

*Citizens Opposing Indus. Livestock v. Jefferson Cty. Bd. of Adjustment*, a defect in standing is considered a defect in subject matter jurisdiction. The Court states, "standing requires that a litigant have such a personal stake in the outcome of a controversy as to warrant invocation of a court's jurisdiction and justify the exercise of the court's remedial powers on the litigant's behalf." *Citizens Opposing Indus. Livestock v. Jefferson Cty. Bd. of Adjustment*, 274 Neb. 386, 390, 740 N.W.2d 362, 365 (2007).

Dismissal under Fed. R. Civ. P. 12(b)(6) serves to eliminate actions that are fatally flawed in their legal premises and destined to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity. *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). To prevail against a motion to dismiss for failure to state a claim, the pleader must allege sufficient facts, accepted as true, to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Cent. Nebraska Pub. Power & Irrigation Dist. v. Jeffrey Lake Dev., Inc*., 282 Neb. 762, 764, 810 N.W.2d 144, 147 (2011). The plausibility standard asks for more than a mere possibility that a defendant acted unlawfully. Although a complaint may not contain detailed factual allegations, federal law demands more than unadorned, "the-defendant-unlawfully-harmed-me" accusations. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009)(*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)). A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action is insufficient. *Twombly*, 550 U.S. at 678. It must contain facts with enough specificity to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965. "Threadbare recitals to the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (*citing Twombly*, 550 U.S. at 555). The tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. *Twombly*, 550 U.S. at 678.

Because a Rule 12(b)(6) motion tests the legal sufficiency of the complaint, not the claim's substantive merits, a court may typically look only at the face of the complaint to decide a motion to dismiss. *Ferer v. Erickson & Sederstrom, P*.C., 272 Neb. 113, 121, 718 N.W.2d 501, 508 *opinion supplemented on overruling of reh'g*, 272 Neb. 470, 759 N.W.2d 75 (2006).

## III.    FACTS

2

The following facts (as alleged by Plaintiffs) and conclusory allegations as set forth in Plaintiffs' Complaint are pertinent to the Court's review of this Motion to Dismiss and the validity of the claims made against Defendants:

1. This case involves allegations that Constitutional rights guaranteed by the 4th, 5th, and 14th Amendments were violated (Compl. ¶(II)(B)).

2. Sergeant Gary Hovey is an individual who works for the North Platte Police Department in Lincoln County, Nebraska (Compl. ¶(I)(B)).

3. Officer Mathew Proehl is an individual who works for the North Platte Police Department in Lincoln County, Nebraska (Compl. ¶(I)(B)).

4. The North Platte Police Department is a [municipal] corporation located in Lincoln County, Nebraska (Compl. ¶(I)(B)).

5. Ms. Reed was pulled over by Officer Proehl on her way home from work on December 4, 2020. (Compl. pg. 9 ¶1 & pg. 13).

6. Officer Proel would not let Ms. Reed "continue to travel" and if Ms. Reed did not "self incriminate" Sergeant Hovey would arrest Ms. Reed. (Compl. pg. 9 ¶2).

7. The officers threatened to break Ms. Reed's "property window" is she did not exit the "property [car]". (Compl. pg. 9 ¶3).

8. The officers then "pull[ed]" Ms. Reed from her property, "threatened" her, "falsely imprisoned" her, "searched and seized" her property, and "unlawful[ly] trespass[ed]". (Compl. pg. 9 ¶1).

9. Sergeant Hovey and Officer Proehl "unlawfully search[ed]" and "seized" Mr. King's property. The officers then "held property for ransom". (Compl. pg. 13 ¶1).

### IV.     ARGUMENT

**A. Plaintiffs have failed to state a claim against which relief can be granted under the Fourth Amendment of the United States Constitution pursuant to Fed. R. Civ. Pro. 12(b)(6)**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiffs have failed to state a claim upon which relief can be granted under the Fourth Amendment of the United States Constitution. Plaintiffs' allege that Sergeant Hovey and Officer Poehl unlawfully searched and seized their property.

The Fourth Amendment of the United States Constitution provides that "unreasonable

searches and seizures, shall not be violated." U.S. Const., Amend. IV. A "search [for Fourth Amendment purposes] occurs when the government violates a subjective expectation of privacy that society recognizes as reasonable." *State v. Nolt*, 298 Neb. 910, 932, 906 N.W.2d 309, 326 (2018). A "seizure of property occurs when there is some meaningful interference with an individual's possessory interests in that property." *Id*. Police can legally stop and briefly detain a person for investigative purposes if the police have a reasonable suspicion, supported by articulable facts, that criminal activity exists, even if probable cause is lacking under the Fourth Amendment. *State v. Barbeau*, 301 Neb. 293, 301, 917 N.W.2d 913, 921 (2018).

A traffic stop is a seizure for Fourth Amendment purposes, and therefore is accorded Fourth Amendment protections. *Barbeau*, 917 N.W.2d 913, 920 (2018). As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred. *Id*. Courts have long recognized that a traffic violation, no matter how minor, creates probable cause to stop the driver of a vehicle. *Id*. (Citing *State v. Hill*, 298 Neb. 675, 905 N.W.2d 668 (2018); *State v. Jasa*, 297 Neb. 822, 901 N.W.2d 315 (2017); *State v. Au*, 285 Neb. 797, 829 N.W.2d 695 (2013)). Police officers who have legitimately stopped an automobile and who have probable cause to believe that contraband is concealed somewhere within it may conduct a warrantless search of the vehicle that is as thorough as a magistrate could authorize by warrant. *United States v. Ross*, 456 U.S. 798, 798, 102 S. Ct. 2157, 2159 (1982). If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search. *Id*. at 2159 (1982).

"No person shall attach to or display on such motor vehicle or trailer any fictitious or altered license plates or registration certificate." Neb. Rev. Stat. 60-399 (1)(b). "A person commits the offense of obstructing a peace officer, when, by using or threatening to use violence, force, physical interference, or obstacle, he or she intentionally obstructs, impairs, or hinders (a) the enforcement of the penal law or the preservation of the peace by a peace officer or judge acting under color of his or her official authority." Neb. Rev. Stat. 28-906. "It shall be unlawful for any owner of a motor vehicle…which is being operated…on a public highway of this state without having a current and effective automobile liability policy, evidence of insurance, or proof of financial responsibility." Neb. Rev. Stat. 60-3167. "Any person knowingly or intentionally possessing marijuana weighing one ounce or less or any substance containing a quantifiable amount of the substances, chemicals, or compounds described, defined, or delineated in

subdivision (c)(25) of Schedule I of section 28-405 shall: For the first offense, be guilty of an infraction." Neb. Rev. Stat. 28-416(13).

Upon examination of the Complaint, looking at its face, no allegations of fact to support an alleged Fourth Amendment violation is pled by the Plaintiffs. From the facts alleged, it is known that at some point Plaintiff Reed was pulled over on a public road in North Platte, Nebraska by Officer Proehl on December 4, 2020. (Complaint, pg. 9, ¶1 & pg. 13, ¶1). Officer Proehl told her she was under arrest. (Complaint, pg. 9, ¶2). Plaintiff Reed gave Officer Proehl a "handwritten statement". (Complaint, pg. 9, ¶3). Officer Proehl threatened to break her car window if Plaintiff Reed did not exit the car. (Complaint, pg. 9, ¶3). Officer Proehl opened her car door and "pulled" Plaintiff Reed from her vehicle. (Complaint, pg. 9, ¶3).

It bears repeating that, "[t]hreadbare recitals to the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (*citing Twombly*, 550 U.S. at 555). A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action is insufficient. *Twombly*, 550 U.S. at 678. These allegations are missing key details to facially allege a Fourth Amendment violation. The Complaint lacks any sort of explanation for why Plaintiff Reed was pulled over, only that she was. The Complaint lacks any sort of detail as to why Plaintiff was arrested, only that she was. The Complaint lacks an explanation for why Officer Proehl searched her car, only that he did. And from this recitation of events, seemingly because all of those things merely occurred, Plaintiffs allege that their Constitutional rights were violated.

Attached in the Complaint is citation from December 4, 2020, charging Plaintiff Reed with four counts of law violations by Officer Proehl. (Complaint, pg. 16). They are as follows; one Count of Unlawful Fictious Display of License Plate, one Count of Possession of Marijuana, one Count of Obstruction of a Peace Officer, and one Count of No Proof of Insurance. (Complaint, pg. 16).

Plaintiff Reed does not tell the Court why she was pulled over and arrested and her car searched and seized, but the charges on this citation tell a story. Attention should be directed to the Count of Display of Fictitious License Plate. As stated above, a traffic stop need only probable cause to be initiated. *Barbeau*, 917 N.W.2d 913, 920 (2018). When a traffic violation has occurred, Officers have probable cause to make a traffic stop. *Id*. Plaintiff Reed was displaying fictitious plates which would be visible to the officer following her in his cruiser. This establishes

probable cause that a traffic violation has occurred. This was a legal and Constitutionally sound stop. Since no other facts are alleged, no other response to the allegation that Plaintiffs' Fourth Amendment rights were violated are necessary or possible.

**B.   Plaintiffs have failed to state a claim against which relief can be granted under the Due Process clauses of the Fifth and Fourteenth Amendments of the United States Constitution pursuant to Fed. R. Civ. Pro. 12(b)(6)**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiffs have failed to state a claim upon which relief can be granted under the Fifth and Fourteenth Amendments of the United States Constitution.

In *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, (1976), the Supreme Court set forth three factors to be considered in resolving an inquiry into the specific dictates of due process: first, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used and the probable value, if any, of additional or substitute procedural safeguards; and finally, the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. *Chase v. Neth*, 269 Neb. 882, 893–94, 697 N.W.2d 675, 685 (2005).

As noted above, "[t]hreadbare recitals to the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (*citing Twombly*, 550 U.S. at 555). A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action is insufficient. *Twombly*, 550 U.S. at 678. Plaintiffs fail to make any claim or allegation to any Due Process violations on the face of their Complaint. Beyond their insitence that they insist that such violations occurred, they allege no facts.

**C.   Qualified Immunity bars Plaintiffs' individual claims against Sergeant Hovey and Officer Proehl**

Plaintiffs' individual claims against Defendants Officer Hovey and Sergeant Proehl fail, as qualified immunity protects government officials acting in their official capacities from civil damages insofar as their conduct does not violate a clearly established statutory or Constitutional right of which a reasonable person would have known. *Pearson v. Callahan*, 555 U.S. 223 (2009).

6

Qualified immunity protects government officials acting in good faith from suit in their individual capacities. *Id*. "The protection of qualified immunity applies regardless of whether the government official's error is 'a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact.'" *Id*. at 231. Qualified immunity is not a defense, but an immunity which should be determined prior to the issues going to trial and at the earliest stage of the litigation as possible. *Id*. at 231-32. The Court may make two inquiries beneficial to determining whether qualified immunity is applicable: 1) do the facts as set forth in the Complaint allege a violation of a Constitutional right; and 2) was the Constitutional right clearly established at the time of Hovey and Proehl's alleged wrongdoing. *Id*. at 232. These inquiries may be taken in any order. *Id*. at 236.

First, Plaintiffs have failed to allege Hovey and Proel violated a Constitutional right. Plaintiffs' Complaint alleges Hovey and Proehl, in their individual capacity as North Platte Police Officers trespassed upon and search and seized the vehicle, and falsely imprisoned the Plaintiffs. As it has been shown above, all actions taken by both Officer Proehl and Sergeant Hovey were based on probable cause. As agents of the North Platte Police Department, Officer Proehl and Sergeant Hovey are charged with enforcing the laws of the City of North Platte and the State of Nebraska. Officer Proehl and Sergeant Hovey followed police procedure during the stop of Plaintiff Reed. Plaintiffs' allegations against Officer Poehl and Sergeant Hovey in their individual capacities are not supported by facts.

Additionally, Plaintiffs have not sufficiently set forth a clearly established right at the time of Officer Proehl and Sergeant Hovey's alleged wrongdoing. "To be clearly established, preexisting law must make the unlawfulness of the officials' conduct apparent so that they have 'fair and clear warning' they are violating the constitution; qualified immunity therefore protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Estate of Walker v. Wallace*, 881 F.3d 1056, 1060 (8th Cir. 2018) (quoting *White v. Pauly*, 137 S. Ct. 548, 551 (2017) (*per curiam*)). The critical question is whether it is objectively reasonable that Officer Proehl or Sergeant Hovey would believe their actions did not violate Plaintiffs' Constitutional rights. *Berry v. Sherman*, 365 F.3d 631, 634 (8th Cir. 2004) (citing *Anderson v. Creighton*, 483 U.S. 635, 107 S.Ct. 3034 (1987)).

Plaintiffs' Complaint is devoid of any factual allegation demonstrating what Officer Proehl and Sergeant Hovey knew while carrying out this traffic stop and does not specifically allege that

their conduct violated a clearly established statutory or Constitutional right.  As Officer Proehl and Sergeant Hovey have qualified immunity, all claims against them in their individual capacity must be dismissed.

### D.   This Court lacks subject matter jurisdiction to hear Plaintiff King's claims because Plaintiff King lacks standing

Standing requires that a litigant have such a personal stake in the outcome of a controversy as to warrant invocation of a court's jurisdiction and justify the exercise of the court's remedial powers on the litigant's behalf. *Citizens Opposing*, 740 N.W.2d 362, 365 (2007). (citing *Chambers v. Lautenbaugh*, 263 Neb. 920, 927, 644 N.W.2d 540, 547 (2002).

It is well established in federal courts that there are two ways a party may challenge a court's subject matter jurisdiction under rule 12(b)(1). *Citizens Opposing*, 740 N.W.2d 362, 365 (2007). The first way is a facial attack which challenges the allegations raised in the complaint as being insufficient to establish that the Court has jurisdiction over the subject matter of the case. *Id*. In a facial attack, a court will look only to the complaint in order to determine whether a plaintiff has sufficiently alleged a basis of subject matter jurisdiction. *Id.* The second type of challenge is a factual challenge where the moving party alleges that there is in fact no subject matter jurisdiction, notwithstanding the allegations presented in the complaint. *Id.* In a factual challenge, the Court may consider and weigh evidence outside of the pleadings to answer the jurisdictional question. *Id.*

Federal courts have recognized that the stage of the litigation at which a motion to dismiss is filed informed the Court of the necessity of holding an evidentiary hearing on the motion. *Id.* If the motion is filed at the pleadings stage and the motion challenges the sufficiency of the complaint to invoke the Court's jurisdiction, then the District Court will review the pleadings to determine whether there are sufficient allegations to establish the plaintiff's standing. *Id.*; *See Bischoff v. Osceola County, Fla*., 222 F.3d 874 (11th Cir. 2000*); Haase v. Sessions*, 835 F.2d 902 (D.C.Cir. 1987). As indicated above, this is considered a facial challenge to standing. *Citizens Opposing*, 740 N.W.2d 362, 365 (2007).

As this case is still in the pleading stage, this is a facial challenge to standing and the Court must only look to the Complaint to determine whether Plaintiffs have sufficiently alleged a

basis of subject matter jurisdiction. After such an examination, it will be clear that Plaintiffs have not alleged a factual basis for Plaintiff King's "the-defendant-unlawfully-harmed-me" accusations. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009)(*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)). Plaintiffs have not stated why Plaintiff King is alleging any of these broad Constitutional challenges. From the face of the Complaint, it is not known where Plaintiff King was at the time of this traffic stop or whether he was in the car. It is also unknown what his relation to Plaintiff Reed and the car in which Plaintiff Reed was stopped by Officer Proehl and Sergeant Hovey, nor what Plaintiff King's actual harm was. There are essentially no details about Plaintiff King at all from the face of the Complaint other than that he shares an address with Plaintiff Reed. This is not enough to achieve standing in this Court.

## V.     CONCLUSION

For all of the aforementioned reasons, Defendants Gary Hovey, Matthew Proehl, and the North Platte Police Department respectfully request Plaintiffs' Complaint be dismissed in its entirety.

RESPECTFULLY SUBMITTED on this 4th day of February, 2021.

GARY HOVEY, MATTHEW PROEHL and NORTH, PLATTE POLICE DEPARTMENT, Defendants,

By      */s/ Terrance O. Waite*
        Terrance O. Waite - NSBA #15497
        Trevor J. Matulka - NSBA #27065
For     WAITE & McWHA
        P. O. Box 38 - 116 No. Dewey St
        North Platte, Nebraska 69103-0038
        Telephone:  (308) 532-2202
        twaite@northplattelaw.com
        tmatulka@northplattelaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: None

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

Kayla Reed
1505 N Sheridan Ave.
North Platte, NE 69101


DaVonte King
1505 N Sheridan Ave.
North Platte, NE 69101


*/s/ Terrance O. Waite*
Defendants' Attorney