IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KAYLA PATRICE REED and DEVONTE MICHAEL DESHAWN KING, <br><br> Plaintiffs, <br><br> vs. <br><br> GARY HOVEY, Sargent, in his individual capacity, et al., <br><br> Defendants. | 4:20-CV-3151 <br><br> MEMORANDUM AND ORDER |

This matter is before the Court on the defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (filing 9), which the Court treats as a motion for summary judgment pursuant to Rule 12(d).[1] Because the record demonstrates that the defendants are entitled to judgment as a matter of law, the plaintiffs' complaint will be dismissed.

## STANDARD OF REVIEW

Summary judgment is proper if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). The movant bears the initial responsibility of informing the Court of the basis for the motion, and must identify those portions of the record which the movant believes demonstrate the absence of a genuine issue of material fact. *Torgerson v. City*

---

[1] Because the plaintiffs were the parties who presented the Court with materials outside the pleadings (filing 11), they had notice that the Court would consider more than the complaint. *See Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 949-50 (8th Cir. 1999); *see also Barron ex rel. D.B. v. S. Dakota Bd. of Regents*, 655 F.3d 787, 791-92 (8th Cir. 2011).

*of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). If the movant does so, the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial. *Id.*

On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts. *Id.* Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the evidence are jury functions, not those of a judge. *Id.* But the nonmovant must do more than simply show that there is some metaphysical doubt as to the material facts. *Id.* In order to show that disputed facts are material, the party opposing summary judgment must cite to the relevant substantive law in identifying facts that might affect the outcome of the suit. *Quinn v. St. Louis Cty.*, 653 F.3d 745, 751 (8th Cir. 2011). The mere existence of a scintilla of evidence in support of the nonmovant's position will be insufficient; there must be evidence on which the jury could conceivably find for the nonmovant. *Barber v. C1 Truck Driver Training, LLC*, 656 F.3d 782, 791-92 (8th Cir. 2011). Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Torgerson*, 643 F.3d at 1042.

## BACKGROUND

The plaintiffs' claims arise out of a traffic stop on the night of December 4, 2020. Filing 1 at 4, 9. The gist of plaintiff Kayla Reed's claim is that she was driving home from work when defendant police officers Matthew Proehl and Gary Hovey initiated a traffic stop and threatened to break her car window to arrest her if she didn't exit the vehicle. Filing 1 at 9. Then they opened her car doors and removed her from the vehicle, which they allegedly searched and seized. Filing 1 at 9. She also says that she gave the officers a "hand written statement" that they gave back to her, presumably without respecting

whatever it might have said. Attached to the complaint are a number of documents, one of which might be the "hand written statement": loosely described, the documents assert the bearer's constitutional rights, including a purported right to travel the "public highways" unfettered in a non-commercial vehicle. Filing 1 at 14-15, 20-21.

Also attached to the complaint is a traffic citation apparently issued to Reed charging possession of a small amount of marijuana, unlawful display of a license plate, obstructing a peace officer, and no proof of insurance. Filing 1 at 16. The citation is unsigned, suggesting that Reed refused it. Filing 1 at 16. That also explains the state court docket entries attached to the complaint, indicating that Reed was arraigned on the charge of obstructing a peace officer on December 4, and pleaded not guilty on December 9. Filing 1 at 17-18.

Reed alleges that she had "broken no law," and that the defendants seized her property (presumably her vehicle and its contents) "for ransom." Filing 1 at 9-10. The vehicle was apparently impounded and towed—an invoice from the City of North Platte is attached to the complaint, reflecting towing, impound, and tax charges totaling $114.20. Filing 1 at 19. Plaintiff Devonte King, Reed's husband, alleges his property was seized as well (although it seems clear that King wasn't arrested). Filing 1 at 12; *see* filing 11 at 10.

Based on those allegations, the plaintiffs assert claims under 42 U.S.C. § 1983 for violation of their Fourth, Fifth, and Fourteenth Amendment rights. Filing 1 at 7. The defendants moved to dismiss the complaint, arguing among other things that the traffic stop was valid because the vehicle was displaying fictitious plates, and that Hovey and Proehl are entitled to qualified immunity. Filing 10 at 4-7. In response to the motion, the plaintiffs filed a series of documents that include both legal arguments and evidence providing additional clarity about the events of December 4, 2020. Filing 11.

In their response, the plaintiffs suggest the North Platte police have been aware of King's license plate and have been following him. Filing 11 at 8. Evidently, King was present for at least part of the traffic stop on December 4, and recorded part of it. Filing 11 at 9; *see* filing 5. The Court also infers from Reed's supplemental statement that she was ultimately convicted of obstructing a peace officer and fined $300 "for the unlawful arrest of not giving my name for traveling free and unencumbered." Filing 11 at 9.

Reed also asserts that pictures, attached to the plaintiffs' response, demonstrate that "there is no way on earth that Mr. Hovey and Mr. Proehl or the North Platte Police Department can mistake my automobile as a commercial motor vehicle." It's apparent from that argument and the attached photos that the plaintiffs are proceeding on the novel legal theory that a non-commercial motor vehicle need not be registered and that the driver of a non-commercial vehicle need not be licensed, *see* filing 11 at 12-14, because what the photographs show is this:





Filing 11 at 17, 21. (The red car is the one Reed was driving. Filing 11 at 16.) And that's supported by the police reports also attached to the plaintiffs' response, which indicate that Reed told police "she was 'traveling' with private property and the laws don't apply to her." Filing 11 at 13.

## DISCUSSION

It's clear from the plaintiffs' own evidence that Reed's vehicle wasn't displaying proper Nebraska license plates. And that fact is, under the law, largely dispositive of this case.[2]

---

[2] The Court notes that the plaintiffs' legal theory about the purported inviolability of non-commercial vehicles is unusual, but not unprecedented—courts have seen it before, and uniformly rejected it. *E.g. Garvich v. State of Ga.*, No. 3:20-CV-122, 2020 WL 8766016 (N.D. Ga. Dec. 8, 2020); *Galluzzo v. Springhetti*, No. 3:19-CV-171, 2020 WL 5937885 (S.D. Ohio Oct. 5, 2020); *Ammiyhuwd v. Lazares*, No. 1:17-CV-833, 2019 WL 1495922 (S.D. Ohio Apr. 4, 2019); *Cargile v. Michigan*, No. 10-cv-72, 2010 WL 3222024 (E.D. Mich. June 18, 2010);

A traffic stop is reasonable under the Fourth Amendment if it's supported by either probable cause or an articulable and reasonable suspicion that a traffic violation has occurred. *United States v. Herrera-Gonzalez,* 474 F.3d 1105, 1109 (8th Cir. 2007). And vehicles without license plates or "In Transit" stickers are illegal in Nebraska. Neb. Rev. Stat. § 60-399 (2010); *see* Neb. Rev. Stat. § 60-376.[3]

The fictitious license plates clearly visible on Reed's vehicle provided reasonable suspicion for a traffic stop. *See United States v. Hollins,* 685 F.3d 703, 706 (8th Cir. 2012); *see also State v. Bowers,* 548 N.W.2d 725, 729 (Neb. 1996). And once a lawful traffic stop is made, a law enforcement officer may request the driver's license and registration, request that the driver step out of the vehicle, request that the driver wait in the patrol car, conduct computer inquiries to determine the validity of the license and registration, conduct computer searches to investigate the driver's criminal history and to determine if the driver has outstanding warrants, and make inquiries as to the motorist's destination and purpose. *United States v. Jones,* 269 F.3d 919, 924 (8th Cir.

---

*Mahan v. Huber,* No. 09-CV-98, 2010 WL 749815 (D. Colo. Mar. 2, 2010); *Wofford v. Hayward,* No. 05-cv-3355, 2005 WL 3027428 (N.D. Cal. Nov. 10, 2005); *State v. Skurdal,* 767 P.2d 304 (Mont. 1988); *State v. Kouba,* 319 N.W.2d 161 (N.D. 1982); *Halajian v. D & B Towing,* 146 Cal. Rptr. 3d 646 (Ct. App. 2012); *Dowis v. State,* 501 S.E.2d 275 (Ga. Ct. App. 1998); *Stautzenberger v. State,* No. 03-96-665-CR, 1997 WL 420999 (Tex. App. July 24, 1997); *State v. Crisman,* 846 P.2d 928, 932 (Idaho Ct. App. 1992); *State v. Davis,* 745 S.W.2d 249 (Mo. Ct. App. 1988); *see generally* Francis X. Sullivan, *The "Usurping Octopus of Jurisdictional/Authority": The Legal Theories of the Sovereign Citizen Movement,* 1999 Wis. L. Rev. 785, 799 (1999).

[3] An unregistered motor vehicle may be driven for 30 days without displaying license plates or in-transit tags if the vehicle was purchased from an unlicensed seller, but the driver must produce documentation on demand. *Id.*; *see Bowers,* 548 N.W.2d at 730.

2001); *see United States v. Clayborn*, 339 F.3d 700, 702 (8th Cir. 2003); *United States v. Winters*, 221 F.3d 1039, 1041 (8th Cir. 2000).

After that, the Fourth Amendment permits a law enforcement officer to make a warrantless arrest if he has probable cause to believe the arrestee has committed an offense—even a minor offense. *Lawyer v. City of Council Bluffs*, 361 F.3d 1099, 1105-06 (8th Cir. 2004). And under Nebraska law, it's a misdemeanor to refuse to sign a citation for a traffic infraction. Neb. Rev. Stat. § 60-684. More importantly, a law enforcement officer having grounds for an arrest may take the accused into custody when the accused refuses to sign the citation. Neb. Rev. Stat. § 29-427; *see Lawyer*, 361 F.3d at 1106.[4]

Once police have arrested a vehicle's occupant, police may take protective custody of the vehicle. *United States v. Petty*, 367 F.3d 1009, 1012 (8th Cir. 2004). And the evidence upon which the plaintiffs rely to establish the defendants' "notice" of their purported right—filing 11 at 14-15—also establishes that the arresting officers smelled marijuana when they stopped the vehicle, providing probable cause to search it. *See United States v. Beard*, 708 F.3d 1062, 1066 (8th Cir. 2013).

The only thing the plaintiffs have to contradict *any* of those facts—which were, it bears remembering, all adduced by the plaintiffs—is Reed's conclusory assertions that she has "broken no law" and "done no wrong." *See* filing 11 at 9. Considering the record as a whole, it's clear that Reed's statements to that effect are more representative of an esoteric understanding of what the law requires than genuine factual disputes. But even if construed as statements of fact, they don't help: the question is whether the officers' belief that unlawful

---

[4] The offense for which Reed was booked doesn't matter: an arrest is lawful if the officer had probable cause to arrest for any offense, not just the offense cited at the time of arrest or booking. *District of Columbia v. Wesby*, 138 S. Ct. 577, 585 n.2 (2018).

activity was afoot was objectively reasonable, not whether it was actually correct. *See Clayton*, 339 F.3d at 701. The plaintiffs have nothing to contradict evidence which (1) they adduced (2) that establishes reasonable suspicion for a traffic stop and probable cause for Reed's arrest and the search and seizure of her vehicle.

And Hovey and Proehl have an even stronger argument, because they're entitled to qualified immunity. Qualified immunity shields public officials performing discretionary functions from liability for conduct that does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Parker v. Chard*, 777 F.3d 977, 979 (8th Cir. 2015); *see Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012); *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

In determining whether a government official is entitled to qualified immunity, the Court asks (1) whether the facts alleged establish a violation of a constitutional or statutory right and (2) whether that right was clearly established at the time of the alleged violation, such that a reasonable official would have known that his actions were unlawful. *Johnson v. Phillips*, 664 F.3d 232, 236 (8th Cir. 2011); *see Parker*, 777 F.3d at 980. For a right to be clearly established, the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. *Parker*, 777 F.3d at 980. Clearly established law is not defined at a high level of generality, since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances he faced. *Id.*; s*ee Seymour v. City of Des Moines*, 519 F.3d 790, 798 (8th Cir. 2008).

The plaintiffs have directed the Court to no authority, nor is the Court aware of any, clearly establishing that on the plaintiffs' evidence, Hovey or Proehl would have known their actions were unlawful. (Mostly because they *weren't* unlawful, but at the very least qualified immunity is clear.)

- 8 -

That disposes of the plaintiffs' Fourth Amendment claim.[5] The plaintiffs' reference to the Fifth Amendment appears to be invoking the Fifth Amendment right against self-incrimination. *See* filing 1 at 11. But the only remotely discernable basis for such a claim would be that Reed was asked to produce documentation, and the Court can't find a Fifth Amendment violation on these facts. *See United States v. Bohn*, 622 F.3d 1129, 1137 (9th Cir. 2010); *see also Hiibel v. Sixth Jud. Dist. Ct. of Nevada, Humboldt Cty.*, 124 S. Ct. 2451, 2460-61 (2004); *United States v. Adeyemo*, 819 F. App'x 469, 470 (8th Cir. 2020). There's nothing to suggest identifying herself would have incriminated Reed—in fact, given the situation, producing a driver's license or vehicle registration would have been the *opposite* of self-incriminating.

There's also some citation to the Fourteenth Amendment, *e.g.* filing 1 at 3, but it's far from clear what that's meant to suggest. In any event, the Court has examined the record and finds nothing, even liberally construed, to support a Fourteenth Amendment claim against the named defendants. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014); *see also Sause v. Bauer*, 138 S. Ct. 2561, 2563 (2018); *cf. Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir. 1998) (discussing substantive due process); *Coleman v. Watt*, 40 F.3d 255, 260 (8th Cir. 1994) (discussing procedural due process).[6]

In the absence of a constitutional violation for Hovey or Proehl, there's no basis for North Platte to be liable either, as the City acted entirely through

---

[5] Well, almost: the plaintiffs refer to property damage in addition to search and seizure. Filing 1 at 12; filing 11 at 19-20. The evidence is *de minimis* at best. *See* filing 11 at 19-20. But even if something was broken, there's nothing to suggest officers behaved unreasonably in executing their lawful search. *See Cook v. Gibbons*, 308 F. App'x 24, 30-31 (8th Cir. 2009).

[6] This might seem obvious, but the constitutional right to travel isn't implicated here either, first and foremost because travel between one state and another isn't at issue. *See Saenz v. Roe*, 119 S. Ct. 1518, 1524 (1999).

- 9 -

them. But for the sake of completeness, the Court notes the absence of any allegations or evidence suggesting that the City had a policy or custom that resulted in a constitutional violation. *See Monell v. Dep't of Soc. Servs. of City of New York*, 98 S. Ct. 2018, 2038 (1978).

Finally, the Court notes that the complaint suggests certain theories that might be state-law tort claims, such as trespass. *See* filing 1 at 5. To the extent that the pleadings present any state-law claims, the Court declines to exercise supplemental jurisdiction over them. *See Starkey v. Amber Enterprises, Inc.*, 987 F.3d 758, 765 (8th Cir. 2021).

IT IS ORDERED:

1. The defendants' motion to dismiss (filing 9), treated as a motion for summary judgment, is granted.

2. The plaintiffs' complaint is dismissed.

3. A separate judgment will be entered.

Dated this 12th day of March, 2021.

BY THE COURT:

*[signature]*

John M. Gerrard
Chief United States District Judge